# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Douglas R. Vaughn, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:19cv564 (LMB/TCB) |
| ) | |
| Deputy Pidea, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Virginia inmate Douglas Vaughn initiated this civil rights action under 42 U.S.C. § 1983, claiming that defendants Pidea and Denton, two deputies with the Loudoun County Sheriff's Office, used excessive force while arresting him. See Dkt. No. 1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Justin Denton ("Denton" or "defendant Denton") has now filed a motion to dismiss the claims raised against him.[1] See Dkt. Nos. 38, 39. Plaintiff was provided the notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and opposes Denton's motion. See Dkt. No. 42. For the reasons that follow, defendant Denton's motion will be granted, and the claims raised against him will be dismissed with prejudice.

### I. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] Deputy Pidea failed to return the waiver of service previously directed to him. Thus, through this Order, the United States Marshals will be directed to effect service on Pidea.

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A plaintiff must allege facts in support of each element of each claim he or she raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Iqbal, 556 U.S. at 678.

## II. Background

The following allegations are assumed true for the purpose of ruling on defendant Denton's motion to dismiss. At approximately 9:00 p.m. on October 17, 2019, deputies Denton and Pidea of the Loudoun County Sheriff's Office arrived at plaintiff's residence to issue plaintiff a warrant. Dkt. No. 1. Plaintiff's mother let the deputies into the house and informed them that plaintiff "was injured with shoulder and back injuries." Id. The deputies acknowledged that they understood, entered plaintiff's bedroom, woke plaintiff, showed him the outstanding warrant, and directed him to dress himself. Id. Plaintiff was groggy at the time, having earlier taken his "diabetic medication." Id. He informed the officers that a different deputy had already served him with the warrant in question. Id.

Nevertheless, after getting ready, plaintiff walked downstairs, where he briefly spoke to his mother with his back turned to the deputies. Id. Plaintiff moved to hug his mother goodbye, at which point at least one of the deputies stated, "That's enough, Mr. Vaughn, put your hands behind your back." Id. Plaintiff was then "pushed head first into the couch" and had his "arms ripped behind [his] back, tearing the muscles in [his] right shoulder." Id. Plaintiff screamed that he was in pain but was continuously restrained despite his protestations. Id. The complaint states that plaintiff does not know which of the two officers "attacked" him but that plaintiff "think[s] they were both on [him]." Id.

2

Deputy Pidea then escorted plaintiff to the squad car while continuously "jerking [plaintiff's] arm upward." Id. Plaintiff later received x-rays which showed "damage to [his] neck, back, and shoulder," injuries which apparently will require surgical correction. Id.

### III. Analysis

Plaintiff argues that defendants Pidea and Denton violated his rights in two ways: (1) by subjecting him to the use of excessive force while arresting him and (2) by executing a warrant he had already received. See Dkt. No. 1, p. 6. Defendant Denton's motion to dismiss does not address the latter of these two claims, but it is nevertheless clear that both claims are meritless and must be dismissed.

*A.*   *Excessive Force*

In support of his motion to dismiss, defendant Denton argues that the complaint's allegations are insufficient to support a viable claim of excessive force against him, specifically because those allegations fail to positively identify Denton as having ever come into physical contact with plaintiff. See Dkt. No. 39, p. 3. Denton's position is correct; although the complaint alleges that plaintiff was "pushed headfirst into the couch" and had his arms "ripped behind [his] back," it fails to identify Denton as the perpetrator of these acts. The complaint goes as far as to concede that plaintiff "[does not] know which officer attacked [him]," and alleges only that plaintiff "think[s] they were both on [him]" "at one point." Dkt. No. 1.

In his opposition to Denton's motion to dismiss, and in contrast to his complaint, plaintiff states unequivocally that both Denton and Pidea physically attacked him in his home. See Dkt. No. 42. He specifically claims that "Deputy Denton pushed me down hard enough to loose hold [sic] of his flashlight." Id. Denton avers that such allegations are too little, too late, because they are contradictory to those contained in the complaint and are improperly raised in opposition to the motion to dismiss. See Dkt. No. 43. Denton is correct—"A plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." Hooker v.

3

Disbrow, No. 1:16cv1588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) (citing Barclay White Skanska, Inc. v. Battle Mem'l Inst., 262 F. App'x 556, 563 (4th Cir. 2008)). This is so because "[a] motion to dismiss tests the sufficiency of a *complaint*," Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (emphasis added), and a court's adjudication of such a motion therefore requires no more than "a review of the allegations of the complaint itself," Goines v. Valley Comm. Servs. Bd., 822 F.3d 159, 165-66 (4th Cir. 2016).

In this light, it is clear that the motion to dismiss must be granted as to the excessive force claim raised against defendant Denton; the complaint's allegations, which do not illustrate the manner in which each defendant acted while inside plaintiff's house, are insufficient to support a viable claim. See Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants,' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional act they are alleged to have committed."); Howard v. City of Bethlehem, Bureau of Police Dep't, No. 90-0223, 1990 WL 56515, at *1 (E.D. Pa. May 1, 1990) ("Plaintiff must allege that each individual officer did something or failed to do something that violated his rights. Furthermore, plaintiff must identify by name which police officer [committed] what conduct.").

Here, in support of the proposition that defendant Denton attacked plaintiff in his home, the complaint alleges only that plaintiff "think[s] [both defendants] were on him" "at one point." See Dkt. No. 1. Devoid of any supporting or contextual facts, this allegation amounts to no more than speculation that defendant Denton exerted excessive force upon plaintiff, an allegation insufficient to support a viable legal claim. See Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Defendant Denton's complaint will therefore be granted with respect to this claim.

B.   *Repeated Execution of Warrant*

Plaintiff next argues that, in executing a warrant that he had already received, defendants Pidea and Denton violated his rights. See Dkt. No. 1, p. 6. The complaint does not make reference to any particular constitutional provision in support of this claim, but the Fourth Amendment, which protects against unreasonable searches and seizures, is a logical starting point. Unfortunately for plaintiff, no matter the angle from which his claim is assessed, the complaint does not make out any constitutional violation.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Supported as they were by a warrant, though, Deputies Pidea and Denton are entitled to a presumption of reasonableness with respect to the seizure they effected in this case. See Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991); Fabrikant v. French, 691 F.3d 193, 214 (2d Cir. 2012) ("Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause."). Additionally, situations far more egregious than plaintiff's—including situations in which incorrect individuals have been arrested multiple times on the basis of a single warrant—have been found not violative of the Fourth Amendment. See, e.g., Robinson v. City of Hagerstown, Md., No. SAG-20-0686, 2020 WL 2085467 (D. Md. Apr. 30, 2020) (finding that the plaintiff failed to state Fourth Amendment claim where he alleged he was arrested multiple times under same warrant despite not being "the individual for whom the warrant was issued"). In this light, plaintiff has failed to establish that being twice served a single warrant constitutes a violation of the Fourth Amendment.

To the extent plaintiff seeks relief under a false arrest theory, his claim also fails. This is so because "a claim for false arrest may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). The complaint explicitly states

5

that Pidea and Denton arrived at plaintiff's house furnished with such a warrant, and plaintiff does not contend that the warrant was in some way illegitimate or defective.

Finally, the Due Process Clause of the Fourteenth Amendment equally fails to provide plaintiff the foundation of a viable claim. It is true that the Due Process Clause protects individuals against the deprivation of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. But where, as here, there is no indication that the officers executing a warrant were aware of any deficiencies with respect to that warrant, no due process violation has occurred. The Fourth Circuit's opinion in Mitchell v. Aluisi, 872 F.2d 577 (4th Cir. 1989), is instructive. In Mitchell, the plaintiff was arrested pursuant to a warrant that had previously been recalled. The Fourth Circuit nevertheless affirmed the district court's finding that no due process violation had occurred, even where the plaintiff had "alerted the arresting officers that the charges against her had been dropped." Mitchell, 872 F.2d at 579. The incident was the result of no more than "a lack of due care," the Fourth Circuit held, and to find a constitutional violation under such circumstances "would trivialize the centuries-old principle of due process of law." Id. (quoting Daniels v. Williams, 474 U.S. 327, 332 (1986)).

## IV. Conclusion and Order

For the reasons stated above, defendant Denton's motion to dismiss [Dkt. No. 38] is GRANTED, and the claims raised against him are DISMISSED WITH PREJUDICE.

It is additionally

ORDERED that the Clerk issue Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshal, to Deputy Pidea at the Loudoun County Sheriff's Office; and it is further

ORDERED that defendant Pidea file an answer or other responsive pleading to the complaint within twenty-one (21) days of service. It is normal practice in pro se prisoner civil

actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant filing a responsive pleading, plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply brief from defendant must be filed within fourteen (14) days, and unless plaintiff explicitly requests additional time for filing additional materials, this civil action will be considered ripe for disposition twenty-one (21) days after defendant files a reply to plaintiff's opposition; and it is further

ORDERED that plaintiff's failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that if service on defendant Pidea through this Order is unsuccessful and the defendant is not otherwise served within 90 days of this order being entered, defendant Pidea will be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m).

The Clerk is directed to send a copy of this Order to plaintiff and to counsel of record for defendant Denton. The Clerk is additionally directed to order service on defendant Pidea via the United States Marshal, providing Pidea with the Summons, a copy of this Order, the complaint [Dkt. No. 1], and the service Order dated February 24, 2020 [Dkt. No. 30] at the Loudoun County Sheriff's Office at 803 Sycolin Rd, Leesburg, VA 20175.

Entered this 3rd day of September 2020.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

7