IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Douglas R. Vaughn,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    1:19cv564 (LMB/TCB) |
| | ) |
| Deputy Pidea, et al.<br>    Defendants. | )<br>) |

ORDER

Virginia inmate Douglas Vaughn initiated this civil rights action under 42 U.S.C. § 1983, claiming that defendants Pidea and Denton, two deputies with the Loudoun County Sheriff's Office, used excessive force while arresting him. See Dkt. No. 1. By Order dated February 24, 2020, the Clerk was directed to send to defendants notices of this lawsuit as well as waivers of service. See Dkt. No. 30. Deputy Denton returned the waiver and filed a motion to dismiss, which the Court granted by Order dated September 3, 2020.[1] See Dkt. Nos. 36, 38, 46.

Deputy Pidea failed to return a waiver, and the Court thus directed the United States Marshals to effect service on him at the address provided by plaintiff. See Dkt. No. 46. This effort was unsuccessful; the summons was returned unexecuted bearing a notation stating that the Loudoun County Sheriff's Office "has no record of any Pidea." See Dkt. No. 50.

---

[1] In a letter that postdates the dismissal Order, plaintiff requests "the Court not to dismiss Dep Dento's [sic] motion and reopen the case (if closed)." See Dkt. No. 49. Given the procedural posture of this action, the Court construes plaintiff's letter as a motion to reconsider the decision to grant defendant Denton's motion to dismiss. The request, though, will be denied. In the filing, plaintiff merely rehashes arguments he already raised in opposition to the motion. This is an improper basis on which to grant a motion to reconsider. See, e.g., R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (stating that motions to reconsider are not "opportunities to rehash issues already ruled upon because a litigant is displeased with the result").

Pursuant to the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although under 28 U.S.C. § 1915(d) a court is required to assist pro se litigants proceeding in forma pauperis with service of process, plaintiff bears the burden of identifying an address where service can properly be made. See Skaggs v. Clark, 2015 WL 269154, at *3 (S.D. W. Va. Jan. 21, 2015). As is clear based on the above, plaintiff has not provided such a location with respect to Deputy Pidea.

The Court is sensitive to the challenges inmate-plaintiffs face in obtaining defendants' addresses, but it is not required to continue its efforts to serve defendant Pidea armed only with outdated or incorrect contact information. Because Pidea is the only defendant that remains in this action and the claims against him are properly dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, this action as a whole shall be dismissed without prejudice. Plaintiff may file a new complaint against defendant Pidea if and when he is able to provide an up-to-date address for service of process. Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITHOUT PREJUDICE.

To appeal this decision, plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed to send a copy of this Order to plaintiff and to counsel of record for defendant Denton and to close this civil action.

Entered this 28th day of September 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge